**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SCOTT HALLMAN,

                              **Plaintiff,**

                    **v.**

**OFFICE OF PERSONNEL**
**MANAGEMENT,**

                              **Defendant.**

_____

                    **5:19-cv-516**
                    **(GLS/TWD)**

## <u>SUMMARY ORDER</u>

Plaintiff Scott Hallman commenced this action against defendant Office of Personnel Management (OPM), alleging a single claim related to a denial of coverage under a federal employee health benefits (FEHB) plan.  (Compl., Dkt. No. 1.)  Pending is OPM's pre-answer motion to dismiss the complaint.  (Dkt. No. 14.)  For the reasons explained below, the motion is granted and the complaint is conditionally dismissed with leave to amend.

Consistent with the standard of review, the brief facts are drawn from Hallman's complaint and presented in the light most favorable to him. Hallman's claim for coverage of medical treatment, rendered in 2015, was denied by his FEHB plan as "not . . . medically necessary."  (Compl. ¶¶ 7,

10, 11.)  As was his right, Hallman appealed that denial to OPM.  (*Id.*

¶¶ 14-15.)  OPM affirmed the plan's denial of coverage in "a backdated

letter dated April 25, 2017, mailed on February 25, 2019 and not received

by [Hallman] until March 1, 2019."  (*Id.* ¶ 16.)

    OPM now seeks dismissal under three headings in its memorandum

of law: (1) failure to properly state the applicable jurisdiction; (2) the

complaint is time-barred; and (3) there has been no waiver of sovereign

immunity.  (Dkt. No. 14, Attach. 1 at 6-10.)

## A.   Timeliness

    The standard of review under Fed. R. Civ. P. 12(b)(6)[1] is well settled

and will not be repeated here.  For a full discussion of the governing

standard, the court refers the parties to its prior decision in *Ellis v. Cohen &*

*Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

    In support of its motion, OPM has submitted three exhibits: its

---

[1] OPM moved for dismissal under both Rule 12(b)(1) and 12(b)(6).  (Dkt. No. 14.)  The court's analysis of the statute of limitations argument is governed by Rule 12(b)(6) because:

> Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.  Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter.

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (citations omitted).

2

determination letter, the declaration of Renata Fries, and a medical review analysis report.  (Dkt. No. 14, Attach. 2.)  While the determination letter, (*id.* at 6), which is referenced in the complaint, (Compl. ¶ 16), is properly before the court, the declaration of Fries, (Dkt. No. 14, Attach. 2 at 2-4), and the medical review analysis report, (*id.* at 8), are not, *see Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).  Those exhibits must be excluded from the court's consideration because they are not integral to the complaint, incorporated by reference, or matters of which the court may take judicial notice.  *See* Fed. R. Civ. P. 12(d).  And OPM makes no argument that they are properly considered by the court insofar as the Rule 12(b)(6) branch of its motion is concerned.

Turning to the merits of OPM's statute of limitations argument, it asserts that this action was untimely brought because Hallman did not bring suit until April 30, 2019 for medical treatment rendered in 2015, in contravention of 5 C.F.R. § 890.107(d)(2).  (Dkt. No. 14, Attach. 1 at 6-8.) Hallman contends that, because he did not receive the determination letter from OPM until March 1, 2019, he did not exhaust his administrative remedies and, therefore, was foreclosed from bringing suit within the time

restraints of § 890.107(d)(2).  (Dkt. No. 15, Attach. 2 at 3-5.)  The motion

must be denied in this regard.

"A covered individual may seek judicial review of OPM's *final action*

on the denial of a health benefits claim."  5 C.F.R. § 890.107(c) (emphasis

added).  Section 890.107(d) imposes certain limitations on judicial review

including that an action "[m]ay not be brought prior to exhaustion of the

administrative remedies provided in § 890.105" and "[m]ay not be brought

later than December 31 of the 3rd year after the year in which the care or

service was provided."

Scant caselaw exists analyzing the relevant regulations.  The

parties — understandably — fail to cite authority to support their central

contentions: in OPM's case, for the proposition that "even if . . . OPM

failed to send a copy of its final decision letter until on or about March 1,

2019, . . . this fact would be completely irrelevant [because t]he only

relevant issue . . . is whether [Hallman] filed suit" within the time provided

by 5 C.F.R. § 890.107(d)(2), (Dkt. No. 14, Attach. 1 at 7-8)[2]; and, for

---

[2] OPM also argues:

> Assuming arguendo that plaintiff did not receive a letter from OPM
> on or before the regulatory deadline, which would have been on or
> about June 1, 2017, it was incumbent on him to contact OPM to
> inquire as to the status of his appeal.  However, plaintiff does not

Hallman, the notion that, because he did not receive the determination letter until March 1, 2019, he did not exhaust administrative remedies and, the timing limitation must, therefore, be excused, (Dkt. No. 15, Attach. 2 at 3-4).

The court sees the issues differently than the parties.  First there is the question of the proper record on this motion to dismiss for untimeliness, which has already been clarified above.  Summary judgment is the proper procedural mechanism to facilitate review of the full compliment of exhibits and declarations.  Second, the regulatory scheme does not contemplate OPM failing to make a final determination or provide a notification of the status of the appeal process within ninety days.  *See* 5 C.F.R. § 890.105(e)(4).  Next, only a "final action" by OPM may be reviewed by a court of law.  *See Id.* § 890.107(c).  While it appears that Hallman did all he could to exhaust by timely appealing to OPM, if his allegations about his receipt of the determination letter are true, and they must be accepted as such for the purposes of a Rule 12(b)(6) motion, he was unable to bring suit within the limitations period because it had

---

claim that he did so.

(Dkt. No. 14, Attach. 2 at 8.)  This assertion is likewise supported by no authority.

already lapsed when the letter was received by him.  For all of these reasons, OPM's motion is denied with respect to the statute of limitations issue.  Notably, the denial of the motion does not mean that the action was timely commenced; indeed, the court concludes only that, on the record and briefing now before it, dismissal is not warranted.

## B.   Other Arguments

Beyond its statute of limitations argument, OPM intimates that dismissal is required because Hallman "fail[ed] to properly plead that this action arises under the Federal Employees Health Benefits Act . . . [and] that the district court has subject matter jurisdiction pursuant to 5 U.S.C. § 8912 and 28 U.S.C. § 1331,"[3] (Dkt. No. 14, Attach. 1 at 6), and, more squarely, asserts that, because the relief requested — money damages — is unavailable, the complaint must be dismissed, (*id.* at 8-10). Hallman expresses his willingness to amend if the court deems it necessary insofar as OPM's subject matter jurisdiction contention is concerned, and argues that "[t]o the extent that this Court considers dismissal of [his] money damages claim, [the claim] seeking coverage

---

[3] OPM makes no conclusion about this supposed shortcoming.  In other words, it stops short of arguing that dismissal is required, and fails to cite any authority in support of its assertion.

should not be dismissed."  (Dkt. No. 15, Attach. 2 at 3.)

The court is unaware of any specific requirement that a plaintiff in a case such as this must identify it as arising under the Federal Employees Health Benefits Act or that it is premised on federal question jurisdiction. OPM offers no authority for its position and, indeed, does not even specifically request dismissal.  (Dkt. No. 14, Attach. 1 at 6.)  As such, the court declines to dismiss on that basis.

As for the relief sought by Hallman, OPM is correct that the recovery in this case "shall be limited to a court order directing OPM to require the carrier to pay the amount of benefits in dispute."  5 C.F.R. § 890.107(c). The complaint does not seek appropriate relief.  (Compl. at 4.) Accordingly, dismissal is warranted.  However, Hallman may amend his complaint within fourteen days of the date of this Summary Order to remedy this shortcoming.  If he fails to do so, the Clerk will enter judgment dismissing the complaint without further order.

Accordingly, it is hereby

**ORDERED** that OPM's motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Hallman may file an amended complaint within

fourteen (14) days of the date of this Summary Order to rectify the deficiencies identified above; and it is further

**ORDERED** that, if Hallman fails to file an amended complaint within the time set forth above, the complaint (Dkt. No. 1) shall be **DISMISSED**, and the Clerk shall enter judgment without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 5, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

8